## W. A. PRINCE *v.* A. Y. MITCHESON'S ADM'R.

**Agreement to Pledge Personal Property—Delivery of Possession.**
  Where a debtor agrees that his creditor may take personal property
  to make him safe on his debt, it does not amount to a sale, but is sim-
  ply an agreement to pledge, and where the agreement is not completed
  by delivery of the property during the lifetime of the bailor, nothing
  passes to the bailee, even as between him and the bailor.

### APPEAL FROM CALDWELL CIRCUIT COURT.

September 26, 1878.

OPINION BY JUDGE HINES:

This action was brought by the administrators of Mitcheson to
recover from Prince the value of certain personal property claimed
to have been wrongfully converted by him.  Prince answered, set-
ting up title in himself, and the law and facts being submitted to the
court, judgment was rendered for the value of the property and an
appeal taken.

Only two witnesses speak of the agreement between Mitcheson
and Prince, by which appellant insists that the property claimed be-
came his by purchase from Mitcheson.  George Daniel says that he
was at the house of Mitcheson the day he died and heard him say to
appellant "Come here.  I want you to take that black filly and those
three Berkshire sows, and take them home with you; I owe you $68
for borrowed money, and you are my surety to Cantrill's executors
for thirty odd dollars.  You take them and pay the Cantrill note.  If
I get well and pay you I can take them back, if not you can keep
them."

The statement of Mitcheson, as testified to by appellant, was:
"Prince, I am owing you some borrowed money and you are my se-
curity on a note to the Cantrills for some hogs bought at their sale.
I want you to take the black mare and the three Berkshire sows and
take them home with you, and make yourself safe in these matters.
You can sell them and pay the Cantrill debt and pay yourself what I
am owing you."

Mitcheson directed the property to be delivered to appellant that
he might take it home with him, but the mare being off the premises
at the time, appellant promised to return the Thursday following and
take away the property.  Mitcheson died the day of this conversa-
tion and appellant went on the day promised and got the property.

The court below was of the opinion that the evidence did not es-

tablish a contract of sale by which the property passed without delivery, but only an agreement to pledge, which was not completed by delivery of possession to the pledgee during the life of the pledgor.

Any doubt that might arise as to the nature of the transaction, when the testimony of the appellant alone is considered, is removed by the statements of Daniel. His evidence clearly shows that it did not amount to a sale, but, as the court held, to an agreement to pledge. In any event the evidence tended to that conclusion; and as the law and facts were submitted to the court its findings will not be disturbed.

In the case of chattels bailed under the contract of pledge the property remains in the bailor, and only a special property passes to the bailee; but nothing passes to the bailee, even as between bailor and bailee, unless the agreement is completed by delivery of possession. Judgment *affirmed*.

*J. R. Hewlitt, for appellant.   T. J. Morrow, for appellees.*